> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5328-15T4

DIANA DASENT,

    Plaintiff-Appellant,

v.

TODD KOPPEL, M.D., GARDEN
STATE PAIN MANAGEMENT, and
CLIFTON SURGERY CENTER,

    Defendants-Respondents.

_____

Submitted September 26, 2017 — Decided October 4, 2017

Before Judges Fasciale and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3743-14.

Rothenberg, Rubenstein, Berliner & Shinrod, LLC, attorneys for appellant (Alan Berliner, on the brief).

Rosenberg, Jacobs & Heller, P.C., attorneys for respondents Todd Koppel, M.D. and Garden State Pain Management (Scott T. Heller, of counsel and on the brief; Ronald J. Morgan, on the brief).

Farkas & Donohue, LLC, attorneys for respondent Clifton Surgery Center (Beth A.

Hardy, of counsel; Meredith T. Zaita, on the
brief).

PER CURIAM

In this medical malpractice case, plaintiff appeals from a July 18, 2016 order granting Todd Koppel, M.D., Garden State Pain Management (GSPM), and Clifton Surgery Center's (CSC) (collectively defendants) motions for involuntary dismissal pursuant to Rule 4:37-2(b). Judge Stephanie A. Mitterhoff entered the order and rendered an oral opinion dated July 11, 2016. We affirm.

Plaintiff sustained injuries from an automobile accident, and sought medical treatment from defendants. Dr. Koppel, a pain management specialist, performed epidural injections in plaintiff's cervical spine at the C4-5, C5-6 and C6-7 vertebrae. The doctor performed injections without complications. The discharge instructions informed plaintiff to use ice every few hours for twenty-minute intervals if she experienced discomfort in the area of the injections.

Plaintiff went home and experienced discomfort in her right upper shoulder, which was not the location of the injections. She applied ice to her shoulder, fell asleep, and awakened the next day with blistering of the skin in the area she had iced. Approximately one week later, plaintiff went to the emergency room

and stated that she applied ice, fell asleep, and woke up the next morning with the blistering.

Plaintiff filed this complaint alleging that the injections burned her skin. Plaintiff's expert opined that the use of an electrical grounding pad during the injection procedure caused the burning. It is undisputed that defendants did not use such a pad. Defendants filed a motion to bar the expert from testifying at trial and contended that the expert rendered a net opinion. A different judge agreed with defendants and granted defendants' motion.[1]

Judge Mitterhoff entered the order under review at the beginning of the trial. She acknowledged that plaintiff would be unable to proceed without an expert. The judge concluded that the doctrine of res ipsa loquitor was inapplicable, and that the conditional res ipsa loquitor charge did not apply. Consequently, she dismissed the case.

On appeal, plaintiff argues that she does not need an expert in this medical malpractice case. Plaintiff asserts that the doctrine of res ipsa loquitor obviates the need to submit expert testimony. Plaintiff also contends that even if res ipsa loquitor

---

[1]    Plaintiff did not appeal from the order barring the expert from testifying.

is inapplicable, then she was entitled to a conditional res ipsa loquitor charge.

We begin by addressing our standard of review of the order dismissing plaintiff's complaint. Defendants moved for involuntary dismissal pursuant to Rule 4:37-2(b), providing in part that

> [a]fter having completed the presentation of the evidence on all matters other than the matter of damages . . . , the plaintiff shall so announce to the court, and thereupon the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal of the action . . . on the ground that upon the facts and upon the law the plaintiff has shown no right to relief. . . . [S]uch motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor.

"If the court, 'accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom,' finds that 'reasonable minds could differ,' then 'the motion must be denied.'" ADS Assocs. Grp., Inc. v. Oritani Sav. Bank, 219 N.J. 496, 510-11 (2014) (quoting Verdicchio v. Ricca, 179 N.J. 1, 30 (2004)). "An appellate court applies the same standard when it reviews a trial court's grant or denial of a Rule 4:37-2(b) motion for involuntary

dismissal." Id. at 511. Applying these standards, we conclude that Judge Mitterhoff properly granted the motion.

To prevail in a medical malpractice action, "ordinarily, a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (internal quotation marks and citation omitted). Such "[e]xpert testimony is permitted to 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" Ibid. (quoting N.J.R.E. 702). Further, an expert must be qualified to testify, meaning he or she must have the requisite "knowledge, skill, experience, training, or education . . . ." N.J.R.E. 702. Plaintiff's failure to present an expert is fatal to her case.

The res ipsa loquitor doctrine permits an inference of negligence establishing a prima facie case of negligence. Jerista v. Murray, 185 N.J. 175, 191-92 (2005). To invoke the doctrine, a plaintiff must establish that "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality [causing the injury] was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Szalontai v. Yazbo's Sports Cafe, 183 N.J. 386, 398 (2005)

(alteration in original) (quoting Brown v. Racquet Club of Bricktown, 95 N.J. 280, 288 (1984)). Plaintiff failed to establish each prong.

The first prong, that the occurrence ordinarily bespeaks negligence, is dependent on "whether based on common knowledge the balance of probabilities favors negligence, thus rendering fair the drawing of a res ipsa inference." Jerista, supra, 185 N.J. at 199. Where, like here, "the res ipsa inference falls outside of the common knowledge of the factfinder and depends on scientific, technical, or other specialized knowledge . . . expert testimony [is] required." Ibid.; see also Buckelew v. Grossbard, 87 N.J. 512, 527 (1981) (holding that "expert testimony to the effect that the medical community recognizes that an event does not ordinarily occur in the absence of negligence may afford a sufficient basis for the application of the doctrine of res ipsa loquitur"). We cannot say on the facts before us that plaintiff's burn to her shoulder, which appeared in a different location than the site of the injections, as a matter of common understanding, raises an inference of negligence.

Plaintiff cannot credibly argue that such an expert is unnecessary, especially because she unsuccessfully retained one who rendered a net opinion. Here, the res ipsa loquitor inference falls outside of the common knowledge of the factfinder. It is

6

undisputed that plaintiff's alleged burn occurred to her right upper shoulder. The doctor did not apply the injections to plaintiff's right upper shoulder. Whether the burn to the shoulder ordinarily bespeaks negligence, when the doctor injected plaintiff's neck at the C4-5, C5-6 and C6-7 levels, is not a matter of common knowledge.

As to the second prong, that the instrumentality causing the injury was within the defendants' exclusive control, plaintiff is unable to describe without expert testimony what conduct and instrumentality caused the burn. Without expert testimony about the instrumentality, the jury would be speculating as to what caused the burn. Indeed, plaintiff did not have a theory as to what instrumentality caused the alleged injury.

As to the third prong, that there is no indication that the injury was the result of the plaintiff's own voluntary act or neglect, plaintiff iced the area of the burn overnight. Applying ice overnight, rather than every twenty minutes for a few hours, is inconsistent with the discharge instructions. Thus, there is a suggestion that the injury was the result of plaintiff's own voluntary act or neglect.

Under the facts of this case, a conditional res ipsa loquitor charge is unwarranted. Where a plaintiff's entitlement to the charge is dependent on the jury's resolution of a specific factual

A-5328-15T4

dispute, a court should consider what has been referred to as a "'conditional res ipsa' instruction." Khan v. Singh, 200 N.J. 82, 98 (2009) (citing Roper v. Blumenfeld, 309 N.J. Super. 219, 234 (App. Div. 1998)). The "conditional res ipsa" theory is premised on the principle "that there is a question of fact that, if the jury decides it in plaintiff's favor, would entitle plaintiff to the res ipsa charge." Id. at 103.

> [I]f the evidence presents a factual issue as to how an accident occurred, and the res ipsa loquitur doctrine would be applicable under only one version of the accident, the court should give a "conditional" res ipsa loquitur instruction, under which the jury is directed first to decide how the accident happened and to consider res ipsa loquitur only if it finds that the accident occurred in a manner which fits the doctrine.
>
> [Id. at 98 (citation and internal quotation marks omitted).]

The charge should only be given if plaintiff's expert provides "the required basis needed for a conclusion that the injury[,] [if the jury agrees with plaintiff's version,] ordinarily bespeaks negligence or that the medical community recognizes the injury to be one that meets that defining criteria." Id. at 99 (citation and internal quotation marks omitted). Here, plaintiff is without an expert and is unable to make the requisite showing to warrant a conditional res ipsa loquitor charge.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION